**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5044

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES W. PENLAND, SR.,

Defendant - Appellant.

No. 07-4201

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES W. PENLAND, SR.,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Spartanburg. Henry F. Floyd, District Judge. (7:05-cr-00710)

Submitted: September 17, 2007    Decided: October 15, 2007

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

―――――――――

Charles W. Penland, Sr., Appellant Pro Se. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Charles Penland, Sr., appeals the criminal judgment (No. 06-5044) and forfeiture order (No. 07-4201) the district court imposed followed his guilty plea to conspiracy to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (2000), and other offenses stemming from Penland's involvement in the underlying conspiracy to distribute narcotics.  Pursuant to the terms of the plea agreement, the district court imposed a substantial forfeiture order and a 120-month sentence.  Penland timely appealed.  In response, the Government has moved to dismiss the appeal on the basis of the waiver of appellate rights contained in Penland's plea agreement. Penland, who proceeds on appeal pro se, subsequently filed an informal brief, challenging his sentence and the forfeiture order,[1] and arguing his attorney was ineffective.  Both the Government's motion and Penland's appeal are now ripe for adjudication.  For the reasons set forth below, we grant the Government's motion to dismiss in part, deny it in part, and affirm in part.

We first conclude that Penland has waived his right to appeal either his sentence or the forfeiture order.  A defendant may, in a valid plea agreement, waive the right to appeal under 18

_____

[1]Penland's challenges to his sentence include his claims that the district court failed to address Penland's objections to his presentence report and that the district court improperly imposed a term of supervised release.

U.S.C. § 3742 (2000). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Any such waiver must be made by a knowing and intelligent decision to forgo the right to appeal. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Whether a defendant has effectively waived his right to appeal is an issue of law this court reviews de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). We will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. Broughton-Jones, 71 F.3d at 1146. Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 plea colloquy, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991); Wiggins, 905 F.2d at 53-54. Ultimately, however, the issue is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

The appellate waiver set forth in Penland's plea agreement provided that Penland waived his right "to contest either the conviction or the sentence in any direct appeal or other post-conviction action." Penland also waived the right to challenge the

forfeiture: "The Defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture." Because our review of the record reveals that Penland knowingly and voluntarily waived his right to appeal his sentence and the forfeiture order, we grant the Government's motion to dismiss Penland's appeal to the extent that it challenges those issues.[2]

Not all of Penland's claims are barred from review; the appellate waiver specifically exempted challenges predicated on claims of ineffective assistance of counsel or prosecutorial misconduct. Accordingly, we deny the motion to dismiss as to Penland's ineffective assistance claim. Ineffective assistance of counsel claims, however, are not generally cognizable on direct appeal unless counsel's ineffectiveness "conclusively appears" on the face of the record. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)). In his informal brief, Penland asserts, in conclusory manner, that his attorney was ineffective

---

[2]Penland attempts to end-run this result by couching his challenge to the forfeiture order in terms of an alleged breach of the plea agreement on the part of the Government. However, upon closer review of this claim, we conclude that, despite being framed as such, Penland is challenging the sum and substance of the forfeiture order, an issue that falls squarely within the scope of the appellate waiver.

for failing to challenge the presentence report prepared by the probation officer, for failing to file motions, and for failing to properly argue the motions that were filed. Penland provides no further details regarding any of these claims. We reject the claims as legally insufficient because the record does not conclusively establish that Penland's attorney was ineffective.

In sum, we grant the Government's motion to dismiss Penland's appeal of his sentence and the forfeiture order, deny the Government's motion to dismiss Penland's claim that his trial attorney provided ineffective assistance, and affirm as to that claim.[3] We further deny Penland's pending motions to dismiss a separate civil case in which he is a defendant, for summary judgment, to add Penland's wife, Mary Penland, as a party to the present appeals, for the return of seized assets, and for an injunction preventing his former counsel from discussing the case. We also deny Penland's several motions for additional time to find new counsel, as one prior extension had been granted, and the pending motions were all filed well after the extended period had

---

[3]We have considered the issues raised in Penland's informal brief as well as in the multiple supplements Penland has filed, and conclude that none of these issues warrants relief.

expired.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
